TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





NO. 03-

02-00344-CV








Frederick W. Wiegand, Jr., Appellant



v.



City of Lockhart, Appellee









FROM THE DISTRICT COURT OF CALDWELL COUNTY, 207TH JUDICIAL DISTRICT


NO. 01-0-294, HONORABLE MICHAEL J. MCCORMICK, JUDGE PRESIDING 





 Frederick W. Wiegand, Jr. appeals from the district court's dismissal of the suit by
the City of Lockhart based on the City's notice of nonsuit. Wiegand asserts that he did not get notice
of the nonsuit and that the dismissal of the suit based on the nonsuit was improper because the court
had notice that he intended to file a counterclaim. We will dismiss this appeal for want of
jurisdiction.

 The City sued Wiegand Hermanos Perforadores, S.A. ("WHP"). After the City filed
its notice of nonsuit of its claims against WHP, the district court dismissed this suit on January 23,
2002. On June 4, 2002, the district court made a docket entry noting that it no longer had
jurisdiction over this case. Wiegand, individually, filed a notice of appeal on June 4, 2002.

 The record before this Court indicates that we lack jurisdiction over this appeal. First,
there is no indication that Wiegand, individually, was part of the suit below. Second, there is no
indication that any claims survived the nonsuit. There is no indication that the court had before it
any claims other than the City's against WHP. Though one party's filing of a notice for nonsuit does
not prejudice the right of a party to be heard on a pending claim, the rule does not secure an adverse
party's right to pursue claims not filed, nor does it preserve the right to file claims for parties who
have not filed interventions. See Tex. R. Civ. P. 162. Even if Wiegand could appeal from this
judgment, his notice of appeal was filed untimely. The trial court dismissed the cause on January
23, 2002. There is no indication that appellant filed any postjudgment motion extending the time
for appeal. Nor is there any indication that appellant sought or obtained a finding by the trial court
that appellant received late notice of judgment. See Tex. R. Civ. P. 306a. The notice of appeal was
thus due on February 22, 2002. See Tex. R. App. P. 26.1. The notice--filed June 4, 2002--was
untimely.

 This Court's clerk sent notice to Wiegand listing these jurisdictional issues and
requesting an explanation of how this Court had jurisdiction. The letter noted that failure to explain
could result in dismissal. Wiegand has not filed a response.

 We dismiss the appeal for want of jurisdiction.



 

 Lee Yeakel, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Dismissed for Want of Jurisdiction

Filed: September 12, 2002

Do Not Publish